**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **SPECTRUM HEALTHCARE, LLC;** | Case No. 16-21635 (JJT) |
| **SPECTRUM HEALTHCARE DERBY, LLC;** | Case No. 16-21636 (JJT) |
| **SPECTRUM HEALTHCARE HARTFORD, LLC;** | Case No. 16-21637 (JJT) |
| **SPECTRUM HEALTHCARE MANCHESTER, LLC;** | Case No. 16-21638 (JJT) |
| **SPECTRUM HEALTHCARE TORRINGTON, LLC** | Case No. 16-21639 (JJT) |
| | **(Joint Administration Motion Pending)** |

**UNITED STATES TRUSTEE'S OMNIBUS STATEMENT AND RESPONSES TO CERTAIN OF DEBTORS' "FIRST DAY MOTIONS."**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), through his undersigned counsel, makes the following statement and responses to certain of Spectrum Healthcare, LLC's and its related chapter 11 debtors' (collectively the "Debtors") "first-day" motions.

1. On October 6, 2016, at approximately 5:52 p.m. Eastern Time, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Case Nos. 16-21635 through 16-21639 ("Cases"), inclusive. *See* Cases, each at ECF # 1. The Debtors consist of four nursing homes and one management company.

2. Upon information and belief sufficient to form a reasonable assumption, the Debtors continue to operate their respective businesses and manage their affairs as debtors-in-

possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No examiner or trustee has yet been appointed in any of the cases. The Debtors are represented by the law firm of Pullman & Comley, LLC ("P&C") and attorneys Elizabeth J. Austin, Irve J. Goldman, and Jessica Grossarth, specifically.

     3.     The United States Trustee is in the process of soliciting creditor interest in the formation of one or more Official Committee(s) of Unsecured Creditors in Debtors' cases.

     4.     On October 6, 2016, at approximately 7:20 p.m. Eastern Time, Debtors began filing a series of "first-day" pleadings, including a (i) motion to use cash collateral [ECF # 4 in Case No. 16-21635]; (ii) a motion to pay pre-petition payroll [ECF # 5 in Case No. 16-21635]; (iii) a motion for an order authorizing continued use of pre-petition bank accounts, checks and business forms [ECF # 6 in Case No. 16-21635], and (iv) a motion for joint administration [ECF # 8 in Case No. 16-21635]. Debtors also filed motions to employ P&C, but those motions are not "first-day" motions as Fed. R. Bankr. P. 6003 requires that at least twenty-one days must pass between the commencement of a bankruptcy case and the entry of an order approving such employment applications.

     5.     On October 7, 2016, the Bankruptcy Court entered an Order scheduling a hearing on the "first-day" motions for Tuesday, October 11, 2016 at 10:30 a.m. Eastern Time before the Hartford Division of the United States Bankruptcy Court. *See* ECF # 14.

     6.     As the Debtors' petitions and "first-day" day motions were not filed until after regular office hours on Thursday, October 6, 2016 and given that Monday, October 10, 2016 is a federal holiday, it is, at least, probable that many of Debtors' creditors will not receive notice of the Debtors' bankruptcy filings until after the Bankruptcy Court holds its hearing on the Debtors'

"first-day" motions on Tuesday morning, October 11, 2016. Therefore the United States Trustee is concerned that no more than the minimum, necessary relief that allows the Debtors to maintain the *status quo* be afforded the Debtors on their "first-day" motions until it is assured that the Debtors' creditors have received proper notice of the bankruptcy filings as well as any hearings on motions which will affect creditors and other parties-in-interest's rights to receive reasonable notice and have a real opportunity to be heard and be a part of the process.

### United States Trustee's Responses to First Day Motions

**A.     Pre-petition Payroll Motion**

7.     The United States Trustee does not object to the payment of Debtors' employees including wages, benefits and taxes for that period of time covered by the current payroll period which existed pre-petition; however in order to insure that such payments are appropriate, the United States Trustee requests that the Debtors provide him a list of those employees being paid along with their job descriptions and proposed amount of payment under the "payroll" motion. The Debtors recite that all such payments are for amounts less than the maximum allowed for priority unsecured "wage" claims; however, the United States Trustee has no evidence to support that statement. In addition, the United States Trustee also needs to know what ownership or management "employees" are being paid for this period so he can consider whether or not there are grounds to object to all or part of such payments.

**B.     Continued Use of Pre-petition Bank Accounts and Cash Management System**

8.     The United States Trustee does not object to the Debtors maintaining and keeping open their respective financial accounts at Wells Fargo Bank, N.A. ("Wells Fargo") as Wells Fargo Bank, N.A. is a United States Trustee Program approved depository for chapter 11 debtor-

in-possession and trustee funds; however, as one of the chief purposes of requiring the closing of pre-petition accounts also serves to prevent pre-petition creditors from inadvertently receiving payment post-petition of their pre-petition claims, the United States Trustee requests that the Bankruptcy Court order the Debtors to take such steps as are necessary and are calculated that no payment will be made on a pre-petition claim what is not specifically authorized by the Bankruptcy Court.  In addition, the Untied States Trustee also requests that the Bankruptcy Court require the Debtors to file a report no later than 30 days after the commencement of the Debtors' cases which provides a review on post-petition disbursements made from their respective pre-petition financial accounts to identify whether or not pre-petition creditors inappropriately received payment on any pre-petition claims.  Finally, Debtors should be required to advise those with whom they do business post-petition that they are each chapter 11 debtors-in-possession by identifying themselves as such on financial documents, checks, contracts and correspondence.

**C.    Joint Administration**

The United States Trustee has no objection to the Debtors' cases being jointly administered under Case No. 16-21635.

**D.    Use of Cash Collateral (Preliminary Relief)**

As the Debtors appear to have myriad secured creditors who may have interests in the Debtors' cash collateral and it not appearing that all such secured creditors have agreed to the relief sought by the Debtors in their respective "use of cash collateral" motions, the United States Trustee reserves comment until the day of the hearing on preliminary relief or to such time by when it appears that there is consensus among the secured creditors and Debtors as to the terms of such relief, whichever occurs soonest.

WHEREFORE, the United States Trustee respectfully requests that the Bankruptcy Court, if amenable to granting the relief requested by the Debtors, require the Debtors to act in accordance with the United States Trustee's suggestions concerning the Debtors; pre-petition wages and continued use of pre-petition bank account motions and granting such other relief as is just and appropriate under the circumstances.

Dated: October 10, 2016  
      New Haven, CT

Respectfully submitted,  
WILLIAM k. HARRINGTON  
United States Trustee for Region 2

By:   /s/ Steven E. Mackey  
Steven E. Mackey/ct09932  
USDOJ Trial Attorney  
Office of the United States Trustee  
Giaimo Federal Bldg., Room 302  
150 Court Street  
New Haven, CT 06510  
(203) 773-2210  
steven.e.mackey@usdoj.gov