**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION**

| | | |
|---|---|---|
| In re:                                         x | | Chapter 11 |
| SPECTRUM HEALTHCARE, LLC, et al[1] | ) | Case Nos. 16-21635 (JJT) |
| | ) | through 16-21639(JJT) |
| Debtors. | ) | |
| _____x | | Jointly Administered |

**ORDER GRANTING DEBTORS' MOTION FOR AN ORDER UNDER
11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM
ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION
INVOICES, (II) APPROVING DEPOSIT AS ADEQUATE ASSURANCE OF PAYMENT,
AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS
BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT**

Upon consideration of the motion ("Motion") of the Debtors (as defined in the Motion) (each a "Debtor" and collectively, the "Debtors"), pursuant to section 366 of Title 11 of the United States Code (the "Bankruptcy Code"), for an order deeming utility companies adequately assured of future performance and establishing procedures for determining requests for additional adequate assurance, as more fully set forth in the Motion; and the Court having jurisdiction to consider and determine the Motion as a core proceeding in accordance with 28 USC §§157 and 1334; and notice of the Motion having been served on the United States Trustee, each of the entities listed on Exhibit "A" to the Motion, each of the Debtors' twenty (20) largest non-insider unsecured creditors, the Debtors' secured creditors, and the appropriate governmental authorities, and it appearing that no other or further notice need be given; and a hearing having been held on October 21, 2016, and sufficient cause appearing therefor; it is hereby

---

[1] Spectrum Healthcare, LLC, Case No. 16-21635, Spectrum Healthcare Derby, LLC, Case No. 16-21636, Spectrum Healthcare Hartford, LLC, Case No. 16-216347, Spectrum Healthcare Manchester, LLC, Case No. 16-21638 and Spectrum Healthcare Torrington, LLC, Case No. 16-21639.

**ORDERED**, that the Debtors and each party listed on Exhibit A to the Motion that is a "utility" within the meaning of section 366 of the Bankruptcy Code (the "Utilities"), except for Connecticut Light & Power and Yankee Gas, each of which is exempted from this Order, are directed to confer on or before November 7, 2016 to determine the appropriate amount of the adequate assurance payment that would be made by the Debtors to such Utility, which the Debtors initially propose will be in the amount of approximately one month's charges based on the average monthly charges over the 12 months preceding October 2016 (the "Proposed Deposit"), which amount the Court considers adequate unless any objecting Utility identified in the Notice (as defined below) can establish that an additional amount or other method of adequate assurance is required; and it is further

**ORDERED**, that absent an agreement between the Debtors and a Utility, with any such agreement to be documented by the Debtors in writing, on or before November 17, 2016, the Debtors shall file a notice with the Court pursuant to section 366(c)(3)(A) of the Bankruptcy Code listing the Utilities for which no agreement has been reached (the "Notice"); and it is further

**ORDERED**, that this Court will hold a hearing on December 1, 2016, at 12:00 p.m. at the U.S. Bankruptcy Court, 450 Main Street, Hartford, Connecticut to determine the appropriate amount of the adequate assurance payment that should be made as to those Utilities for which no agreement has been reached (the "Adequate Assurance Hearing"); and it is further

**ORDERED**, that this Order is without prejudice to the rights of any Creditors' Committee or party on Exhibit A to contend that a party listed on Exhibit A is not a Utility within the meaning of section 366 of the Bankruptcy Code and this Order shall not apply to any entity that is determined not to be a Utility within the meaning of that section; and it is further

**ORDERED**, that pending the Adequate Assurance Hearing and a determination thereon, each Utility, irrespective of whether they agree to the Proposed Deposit, is prohibited from altering, refusing, or discontinuing services to the Debtors on account of any unpaid prepetition charges; and it is further

**ORDERED**, that on or before November 7, 2016, or such later time as may be agreed to between the Debtors and a Utility, the Debtors shall provide the Proposed Deposit to each Utility with which the Debtors were unable to reach agreement on the amount of an adequate assurance deposit and shall provide to any Utility with which such an agreement has been reached with the agreed upon deposit; and it is further

**ORDERED**, that to the extent the Debtors become delinquent with respect to a Utility Company's account, such Utility Company shall be permitted to file a written notice of such delinquency (the "Delinquency Notice") with the Court and serve such Delinquency Notice on (a) Spectrum Healthcare, LLC, 27 Naek Road, Vernon, Connecticut, ATTN: Sean Murphy, CFO, (b) Pullman & Comley, LLC, 850 Main Street, 8th Floor, Bridgeport, CT 06604, Jessica Grossarth, Esq., (c) counsel to the official committee of unsecured creditors, if one is appointed, and if not, the twenty largest unsecured creditors in each case (c) the United States Trustee for the District of Connecticut, Giaimo Federal Building, 150 Court Street, Room 302, New Haven, CT 06510, Attn: Steven Mackey, Esq. (each, a "Party in Interest"). Such Delinquency Notice shall (a) set forth the amount of the delinquency, (b) set forth the location for which utility services are provided and (c) provide the Debtors' account number(s) with the Utility Company; and it is further

**ORDERED**, that if the delinquency is not cured and no Party in Interest has objected to the Delinquency Notice within ten (10) days of the receipt of the Delinquency Notice, then the Debtors shall (a) remit to such Utility Company from the Adequate Assurance Deposit the amount

of postpetition charges claimed as delinquent in the Delinquency Notice and (b) replenish the Adequate Assurance Deposit for the amount remitted to such Utility Company. If a Party in Interest objects to the Delinquency Notice, then the Court shall hold a hearing to resolve the dispute and determine whether a payment should be remitted from the Adequate Assurance Deposit and, if such payment is warranted, how much shall be remitted; and it is further

**ORDERED**, that the Debtors are authorized, in their sole discretion, to amend <u>Exhibit A</u> attached to the Motion to add or delete any Utility Company, and, subject to the notice procedure set forth below, this order shall apply in all respects to any such Utility Company that is subsequently added to <u>Exhibit A</u> to the Motion; and it is further

ORDERED, that for those Utility Companies that are subsequently added to <u>Exhibit A</u>, the Debtors shall serve a copy of the Motion and this order on such Utility Company, together with a notice advising the added Utility Company that unless they object to becoming subject to this order within five days of the date of service of the notice, it shall be deemed to apply to them in all respects. In the event of an objection, the Court will schedule a hearing on the request of the Debtors on an expedited basis if so requested and, pending such hearing, the added Utility shall not alter or discontinue service. In the absence of objection, the Debtors shall provide an adequate assurance deposit in an amount equal to 100% of the Debtors' average monthly utility consumption over the course of the 12 months preceding October 2016 or duration of the relationship, whichever is shorter, for any added Utility Company; and it is further

**ORDERED**, that notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this order shall be effective and enforceable immediately upon entry hereof; and it is further

**ORDERED**, that within two (2) business days of entry, a copy of this Order shall be served by the Debtors by first class mail upon each Utility listed in the Motion and such service shall be

deemed good and sufficient notice of the procedures for determining the appropriate amount of the adequate assurance payment that should be made and the Adequate Assurance Hearing.

Dated: November 1, 2016                                              BY THE COURT

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut