UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | |
|---|---|
| IN RE: ) | CASE Nos.   16-21635 - 16-21639 (JJT) |
| ) | |
| SPECTRUM HEALTHCARE LLC, ET AL[1] ) | CHAPTER   11 |
| DEBTORS. ) | |
| ) | ECF No.   708 |
| ) | |

**RULING ON THE DEBTOR'S**
**MOTION TO PAY RETENTION BONUSES**

This Court issued its preliminary ruling (ECF No. 737, "First Ruling") on the Debtor's Motion for Order Authorizing Payment of Retention Bonuses (ECF No. 708, "the Motion") to Spectrum Derby, LLC's Derby Administrator, Director of Nurses, Assistant Director of Nurses, Director of Social Services, Maintenance Director, the Accounts Receivable worker, the Payroll worker, Food Service Supervisor and the Recreation Supervisor (collectively, the "Managers") following a hearing on April 2, 2018. The issues before the Court necessitated a continued hearing on April 9, 2018 in order to delineate more clearly the process and parameters of the Debtor's business judgment supporting the Retention Plan and to address, more concretely, the weighing of the applicable tests articulated in *In re Dana Corp.*, 358 B.R. 567 (Bankr. S.D.N.Y. 2006) that are invoked by the Motion.

This Court reiterates the conclusions of law in the First Ruling that the Debtor has demonstrated the business necessity for the Retention Plan, and that the Managers within its ambit are not insiders so as to trigger the prohibitions of 11 U.S.C. § 503(c)(1). 11 U.S.C.

---

[1] Spectrum Healthcare, LLC, Case No. 16-21635, Spectrum Healthcare Derby, LLC, Case No. 16-21636, Spectrum Healthcare Hartford, LLC, Case No. 16-216347, Spectrum Healthcare Manchester, LLC, Case No. 16-21638 and Spectrum Healthcare Torrington, LLC, Case No. 16-21639.

503(c)(3) does apply here, and the parties agree that the proposed Retention Plan must be examined under its business judgment test.

In the examination of the Debtor's business judgment, the Court is not to substitute its judgment and prerogative for that of the Debtor's management, but is to examine whether that judgement is in good faith, reasoned, therefore not arbitrary, incomplete or wasteful. The business judgment rule is a presumption that in making a business decision, management of a corporate enterprise acted on a rational basis, in good faith, and in the honest belief that the action taken was in the best interest of the company. The judicial policy of deference to such a decision is based on the premise that those to whom the management of a business organization has been entrusted, and not the courts, are best able to judge whether a particular act or transaction is helpful to the conduct of the organization's affairs or expedient for the attainment of its purposes.

In examining the Debtor's business judgment in this instance, what previously caused the Court to pause in its deference to the Debtor was an incomplete record, void of sufficient reasons to support the various judgments inherent in the Retention Plan. The subsequent hearing provided an opportunity for the Debtor to address those concerns, as well as the claims of unfairness to the rank and file employees. Following further evidentiary proceedings before this Court, the Debtor, distinctly and with particularity, adduced substantial evidence to satisfy the standards in *In re Dana Corp*. Guided by that decision, based upon the amplified record, this Court finds that:

1. The Retention Plan is reasonably calculated to incentivize the Managers to perform their critical functions through the date of closing;

2. The cost of the Retention Plan, scrutinized and funded by the State, is reasonable, with regard to similar plans approved by this Court and with reference to the duties, legal requirements, and enhanced functions of the Managers;

3. The scope of the Retention Plan is fair and reasonable given the limited resources available to the estate and the weighty responsibilities of the Managers who are an absolute practical necessity to a successful closure. While, optimally, a plan of broader scope might have been preferred, the limited parameters of the Retention Plan are not arbitrary or improperly discriminatory. Further, there are other protections (*i.e.* under the WARN Act and COBRA) which exist to provide a legislated recognition of the contributions of and the hardships upon the rank and file workforce;

4. The Retention Plan is consistent with the administration of prior nursing home Chapter 11 cases and is responsive to the regulatory mandates applicable to this industry and the natural choices which might attract the Managers elsewhere;

5. The Debtor exercised reasonable diligence in creating the Retention Plan, analyzing which key employees needed to be incentivized, why and what few alternatives existed; and

6. The Debtor was assisted in formulating the Retention Plan by capable experienced legal counsel, and the Retention Plan was scrutinized and approved by the State (which will fund these bonuses), which holds regulatory and rate-making authority over its business affairs.

Accordingly, the Debtor's Motion is approved and the objections thereto are overruled. Debtor's counsel shall promptly submit to the Courtroom Deputy a proposed Revised Order consistent herewith.

Dated at Hartford, Connecticut this 9th day of April 2018.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut